UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-67 (PJS/SGE)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER OF DETENTION |
| | ) | |
| WILLIAM MICHAEL HASLACH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Court on March 3, 2025, for an arraignment pursuant to Rule 10 of the Rules of Criminal Procedure, and a hearing on the Government's Motion for Detention, pursuant to 18 U.S.C. § 3142(f)(1).

At the hearing, the defendant, William Michael Haslach, was present and represented by Justin J. Duffy, Esq. The United States was represented by Carla J. Baumel, Assistant United States Attorney. Before the hearing, pre-trial services interviewed Mr. Haslach and issued a report recommending detention, finding that Mr. Haslach presented a danger to the community. The United States argued in support of that recommendation based on the indictment, the pretrial services report, and attorney proffer.In addition, United States called United States Secret Service ("USSS") Special Agent Timothy Hodapp to testify in connection with the facts and circumstances surrounding the underlying investigation into Mr. Haslach's conduct.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.      On February 25, 2025, an eleven-count indictment was filed alleging that Mr. Haslach unlawfully received child pornography, unlawfully possessed child pornography,

and unlawfully produced an obscene visual representation of child sexual abuse. (ECF No. 1.) The United States is therefore authorized to seek detention in this case. *See* 18 U.S.C. § 3142(f)(1)(E).

2.      Because Mr. Haslach is charged with offenses involving a minor victim, several of which have a maximum term of imprisonment of 10 years or more, there is a rebuttable presumption that detention is appropriate. *See* 18 U.S.C. § 3142(e)(3).

3.      After considering the presumption of detention, the factors under 18 U.S.C. § 3142(g), the allegations of the indictment, the testimony of SA Hodapp, and the arguments of the parties, the Court concludes by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of other persons and the community if Mr. Haslach is released pending trial.

4.      While Mr. Haslach rebutted the presumption in favor of detention, the nature and circumstances of the instant offense weigh in favor of finding that detention is necessary. The evidence presented at the detention proceedings indicated that for several years, Mr. Haslach has occupied several positions of trust within the community—including as an employee at two, local independent school districts with direct contact to minors.

5.      According to the testimony of SA Hodapp, Mr. Haslach had in his possession hundreds of files of child sexual abuse material at the time of his arrest. He also had in his possession hundreds of photographs of clothed, school-aged children. Some of these photographs were found on Mr. Haslach's cellular device. Others were found in his cloud-based Dropbox account—a platform used for digital file storage and transfer. Some of these

photographs had been "morphed" into fake images of identifiable children engaged in sexually explicit conduct.

6.      Mr. Haslach obtained photographs of children because he was in direct contact with them as a school employee and summer camp associate. Current estimates are that there are least nineteen identified child victims of Mr. Haslach's "morphed" image production. His actions, therefore, have crossed the line from a mere possessor or receiver of child pornography—he has produced these obscene images from pictures that he took of children under his care. This predatory type of behavior presents a danger to the community that cannot be mitigated through conditions of confinement.

7.      Mr. Haslach's counsel suggested there may be conditions that could mitigate the Court's concern for community safety, but offered no suggestions beyond the standard and mandatory conditions for this type of alleged offense.

8.      The Court concludes, pursuant to 18 U.S.C. § 3142(e), that detention is appropriate.  The United States has met its burden by clear and convincing evidence that Mr. Haslach is a danger to the community. There is no condition, or combination of conditions, that will reasonably assure the safety of the community.

**THEREFORE, IT IS HEREBY ORDERED** that:

1.      Pursuant to 18 U.S.C. § 3142(e), the Government's Motion for Detention of Mr. Haslach without bond is GRANTED;

3.      Mr. Haslach is committed to the custody of the United States Marshal for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

4.      Mr. Haslach shall be afforded reasonable opportunity to consult privately with his counsel;

5.      Pursuant to Rule 5.1(e) of the Federal Rules of Criminal Procedure, Mr. Haslach is required to appear for further proceedings;

6.      Upon order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which Mr. Haslach is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with all court proceedings; and

7.      Mr. Haslach may move the Court to reopen its detention determination should his custodial circumstances materially change.


Dated:  March 5, 2025

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge