UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>William Michael Haslach,<br><br>　　　　Defendant. | 0:25-CR-00067-PJS-SGE<br><br>**DEFENDANT'S MOTIONS<br>TO SUPPRESS AND DISMISS** |

TO:   UNITED STATES MAGISTRATE JUDGE SHANNON G. ELKINS; CARLA BAUMEL, ASSISTANT UNITED STATES ATTORNEY; CLERK OF COURTS FOR UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA.

**DEFENDANT'S MOTIONS TO SUPPRESS AND DISMISS**

Defendant previously filed the following motions on August 29, 2025, under the filing event of a Motion to Suppress and had then added language to the filing description to denote that document also included a Motion to Dismiss as well. (Dkt. 32.) On September 2, 2025, the Clerk's Office requested that the document be filed again specifically as a Motion to Dismiss because the filing contained requests for both dismissal and suppression of evidence. Pursuant to those instructions, Defendant is again filing the document specifically under the event of a Motion to Dismiss. Everything following this paragraph is exactly as it appeared in the original filing.

Defendant, by and through counsel, hereby moves this Honorable Court for the following relief.

**I.      Motion to Dismiss Count I**

Defendant moves the Court for an Order dismissing Count I of the superseding indictment because there is insufficient evidence to support a finding of probable cause for that

1

count given the characteristics and nature of the particular photograph that the Government has stated that allegation is based upon.

The Court has authority to determine, as a matter of law, whether a particular photograph depicts sexually explicit conduct, such as a lascivious exhibition of the genitals. *United States v. Rayl*, 270 F.3d 709, 714 (8th Cir. 2001); *See also* Eighth Circuit Manual of Model Jury Instructions—Criminal, Instruction 6.18.2252A – Annotations.

Within the Eighth Circuit, the following factors are considered to determine whether an image meets the lasciviousness requirement: (1) whether the focal point of the image is on the minor's genital or pubic area; (2) whether the setting of the image is sexually suggestive; (3) whether the minor is depicted in unnatural poses or inappropriate attire considering the minor's age; (4) whether the minor is fully or partially clothed or is nude; (5) whether the image suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the image is intended to elicit a sexual response in the viewer; (7) whether the image portrays the minor as a sexual object; and (8) any captions on the images. *United States v. Petroske*, 928 F.3d 767, 773 (8th Cir. 2019).

The first six of those factors are often referred to as the *Dost* factors. Other courts have criticized reliance on the *Dost* factors, in particular the sixth factor, and this Court should also reconsider whether that is the proper framework for this analysis. *See United States v. Hillie*, 39 F.4th 674 (D.C. Cir. 2022)(Rejected *Dost* factors and overturned convictions of attempted production of child pornography with directions that a judgment of acquittal be entered in those counts.); *United States v. Steen*, 634 F.3d 822, 829 (5th Cir. 2011) (Higginbotham, J., concurring) ("The sixth factor, which asks whether the visual depiction was intended to elicit a sexual response in the viewer, is especially troubling. Congress did not make production of child

pornography turn on whether the maker or viewer of an image was sexually aroused, and this *Dost* factor encourages both judges and juries to improperly consider a non-statutory element." (footnote omitted)).

Regardless of what standard this Court ultimately applies, Count I of the superseding indictment should be dismissed because there is not sufficient evidence to support a finding of probable cause. The photograph that the Government relies upon for Count I does not depict any nudity. The photograph is of a student seated on a chair at a desk or table in a classroom. The student is wearing a swimsuit. The student has their feet up on the seat of the chair with their heels pulled towards their thighs. The student's legs are open. A wide metal bar under the desk largely blocks the view of the genital area. Even if the metal bar did not block the view, the genital area would be covered by the swimsuit. The photo is from the perspective of underneath the desk. The photo shows essentially all of the student's body, other than their head as well as the classroom around and behind the student. The student has cards in their hands.

The setting of the image, a classroom, is not sexually suggestive. The student is not in inappropriate attire or an unnatural pose. The student is not nude. The photograph does not suggest sexual coyness or a willingness to engage in sexual activity. The image does not portray the student as a sexual object. There are no captions associated with the photograph.

Given the nature, characteristics and overall content of the photograph at issue, this Court should find as a matter of law that it does not depict sexually explicit conduct, such as a lascivious exhibition of the genitals, and dismiss Count I due to a lack of sufficient evidence to support probable cause for the charge. Further argument will be provided after the hearing on these motions.

II.     **Motion to Suppress Related to Maplewood Search Warrant**

Defendant moves the Court for an Order suppressing any and all evidence obtained as a result of the search warrant executed at Mr. Haslach's apartment in Maplewood because the warrant was facially overbroad, invalid and lacked sufficient probable cause. Defendant further seeks suppression of any statements Mr. Haslach made during, or as a result of, the execution of that Maplewood search warrant as fruit of the poisonous tree.

The Fourth Amendment of the United States Constitution protects the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, and requires that any search warrants be supported by probable cause and describe, with particularity, the place to be searched, and the persons or things to be seized. U.S. Const. amend. IV.

First, page one of the search warrant listed the "Premises" to be searched as the address for an entire apartment building and failed to include a specific apartment number. This lack of particularity means that the warrant was facially overbroad and invalid. The fact that an apartment number may have been referenced elsewhere in the warrant or affidavit does not cure this defect.

"[A] warrant which describes an entire building when cause is shown for searching only one apartment is void. *United States v. Hinton*, 219 F.2d 324, 326 (7th Cir. 1955). "The uniformly applied rule is that a search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional." *Groh v. Ramirez*, 540 U.S. 551, 559, 124 S. Ct. 1284, 1291, 157 L. Ed. 2d 1068 (2004). Even if an application used to obtain a warrant provided sufficient particularity, that does not save the warrant itself from its facial invalidity. *See Id.*, at 557. "The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents." *Id*.

4

Second, probable cause for the Maplewood search warrant was further lacking because no information was presented in the affidavit that showed Mr. Haslach still lived at that residence at the time the warrant was applied for. "There must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue." *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000). "[T]he facts in an affidavit supporting a search warrant must be sufficiently close in time to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist as of the time of the search and not simply as of sometime in the past." *United States v. Grubbs*, 547 U.S. 90, 95, n. 2 (2006). Here, there is evidence that Mr. Haslach may have been connected to that residence at some point in the past, but there is no information in the affidavit that law enforcement confirmed he still resided there at the time the search warrant was applied for.

Lastly, any statements Mr. Haslach made during, or as a result of, the execution of that Maplewood search warrant should be suppressed as fruit of the poisonous tree. "The exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence later discovered and found to be derivative of an illegality or fruit of the poisonous tree." *United States v. Hastings*, 685 F.3d 724, 728 (8th Cir. 2012).

Further argument will be provided after the hearing on these motions.

### III.     Motion to Suppress Related to Woodbury Search Warrant

Defendant intended to ask the Court for an Order suppressing any evidence obtained from the warrant executed at a residence in Woodbury. However, the Government has stated that it does not intend to use any evidence gathered from that residence. Based on the Government's statement, Defendant is no longer pursuing this issue.

|  |  |
|---|---|
|  | Respectfully submitted,<br>**THE LAW OFFICE OF JOHN J. LEUNIG** |
| Date: <u>August 29, 2025</u> | /s/ Justin J. Duffy<br>Justin J. Duffy, Attorney License No. 397441<br>7900 Xerxes Avenue South, Suite 815<br>Bloomington, Minnesota 55431<br>Licensed in United States District Court for the District of Minnesota<br>(952) 540-6800 |