UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.25-67 (PJS/SGE)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM MICHAEL HASLACH,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, William Michael Haslach, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.     **Charges.** The defendant agrees to plead guilty to Counts 1 and 12 of the Superseding Indictment, which charge the defendant with: Attempted Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a), 2251(e) (Count 1); and Production of an Obscene Visual Representation of Child Sexual Abuse, in violation of 18 U.S.C. § 1466A(a)(1) (Count 12). The defendant fully understands the nature and elements of the crimes with which he has been charged.

Upon imposition of sentence, the government agrees to move to dismiss the remaining charges against the defendant contained in the Superseding Indictment.

2.    **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Counts 1 and 12 of the Superseding Indictment.  In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

The defendant admits that from at least September of 2020 until January of 2025, he occupied positions of trust with school-aged children. Beginning in 2021, he worked for two independent school districts or "ISDs" in the State of District of Minnesota—Independent School District 834 and Independent School District 622. From 2021 through 2024, the defendant worked as a summer care associate with ISD 834's "Summer Adventure Club" program. Beginning in August of 2021, the defendant worked as a safety guard and lunch monitor with ISD 622. He held that position until January of 2025.

The defendant admits that while employed with ISD 622 and ISD 834 he used his cellular device to photograph at least 91 minor children in his care. These photographs were, as an initial matter, not sexualized in nature. The defendant then took these photographs of children, uploaded them to the internet, and morphed them with websites that used artificial intelligence

("AI") to produce obscene visual representations of child sexual abuse. In other words, these websites morphed the images of minor children so that their face would appear on a nude body, often with sexual objects superimposed onto the image. The defendant admits that he created obscene visual representations of at least 91 minor victims in more than 690 morphed images using his AI morphing scheme. The defendant admits he created these images for purposes of sexual gratification and that they constitute obscene visual depictions that had been created and modified to appear that a minor was engaging in sexually explicit conduct pursuant to 18 U.S.C. § 1466A(f)(2).

The defendant also admits he surreptitiously took one of photograph of a pre-pubescent minor in a swimsuit. Specifically, the defendant positioned his camera underneath a school classroom desk. He attempted to focus the camera on the minor victim's genital area as her legs were splayed outwardly. The defendant admits that, in taking this photograph, he was attempting and wanting to capture the minor victim's genital area and that he produced this image for the purpose of sexual gratification and that he attempted to create child pornography.

In addition, the defendant admits that he possessed 1,057 files (images and videos) of child pornography at the time of his arrest in January of 2025. He admits that he used several encrypted applications on his phone, including Telegram and Teleguard, along with other internet-based applications such as

Dropbox, to solicit and store digital files of child pornography. The defendant used encrypted apps in an attempt to hide his illegal activity from law enforcement. The defendant acknowledges that his receipt of these images and video streams occurred using a computer, which was mailed, shipped, or transported in interstate or foreign commerce.

The defendant agrees and admits that in committing all the above conduct, he acted knowingly, intentionally, and voluntarily, with the understanding that his actions violated the law.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present

4

evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.    **Additional Consequences.** The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6.    **Statutory Penalties.**

The defendant understands that Count 1 of the Superseding Indictment, charging Attempted Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a), 2251(e), is a felony offense that carries the following statutory penalties:

a.     a mandatory minimum of 15 years in prison;

b.     a maximum of 30 years in prison;

c.     a supervised release term of at least five years, up to a maximum supervised release term of life;

d.     a maximum fine of $250,000

e.     payment of mandatory restitution in an amount to be determined by the Court;

f.     a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

g.     a mandatory assessment of $5,000 to the Domestic Trafficking Victims' Fund, if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

h.     an assessment, pursuant to 18 U.S.C. § 2259A(a)(3) of not more than $50,000, depending on the defendant's ability to pay.

The defendant understands that Count 12 of the Superseding Indictment, charging Production of an Obscene Visual Representation of Child Sexual Abuse, in violation of 18 U.S.C. § 1466A(a)(1) (Count 12), is a felony offense that carries the following statutory penalties:

a.     a mandatory minimum of 5 years in prison;

b.    a maximum of 20 years in prison;

c.    a supervised release term of at least five years, up to a maximum supervised release term of life;

d.    a maximum fine of $250,000

e.    payment of mandatory restitution in an amount to be determined by the Court;

f.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

g.    a mandatory assessment of $5,000 to the Domestic Trafficking Victims' Fund, if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

h.    an assessment, pursuant to 18 U.S.C. § 2259A(a)(3) of not more than $50,000, depending on the defendant's ability to pay.

The defendant understands that, by pleading guilty to Counts 1 and 12 of the Superseding Indictment, he faces a maximum of 50 years in prison.

7.    **Guidelines Calculations.**    The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

7

a. <u>Base Offense Level—Count 1</u>. The parties agree that the base offense level for production of child pornography is **32**. U.S.S.G. § 2G2.1(a).

b. <u>Specific Offense Characteristics—Count 1</u>. The parties agree that the following adjustments to the offense level apply:

    i. **Count 1:**

        a. **2 levels** should be added because the minor was in the custody, care, or supervisory control of the defendant. U.S.S.G. § 2G2.1(b)(5).

        b. **4 levels** should be added because the offense involved a minor victim who had not attained the age of 12 years. U.S.S.G. § 2G2.1(b)(1)(A).

c. <u>Base Offense Level—Count 12</u>. The parties agree that the base offense level for Count 12 is **22**. U.S.S.G. § 2G2.2(a)(1).

d.      Specific Offense Characteristics—Count 12. The parties agree that the following adjustments to the offense level apply:

      i.   **Count 12:**

            a. **2 levels** should be added because the offense involved a minor victim who had not attained the age of 12 years. U.S.S.G. § 2G2.2(b)(2).

            b. **2 levels** because the offense involved the use of a computer or an interaction computer service for the possession, transmission, receipt or distribution of the material. U.S.S.G. § 2G2.2(b)(6).

c.      **Grouping**: The parties agree that Counts 1 and 12 group under the Guidelines, and the guidelines for Count 1 would apply. U.S.S.G. § 3D1.2(c). The Defendant's base offense level for Count 1 is **38**.

d.      Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

e.      Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3)

9

the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

f.  Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I.   U.S.S.G. § 4B1.1.   This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

g.  Guidelines Range. If the adjusted offense level is 35, and the criminal history category is I, the applicable sentencing guidelines range is **168-210 months imprisonment.**

The defendant understands that, regardless of the Guidelines range, the statutory mandatory minimum sentence in this matter is **15 years** (180 months) of imprisonment.

h.  Fine Range. If the adjusted offense level is 35, the Sentencing Guidelines fine range is $40,000 to $400,000. U.S.S.G. § 5E1.2(c).

i.  Supervised Release. The Sentencing Guidelines' term of supervised release is five years to life. U.S.S.G. § 5D1.2.

10

8.    **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9.    **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10.     **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate, except that the government will not ask for a sentence above 180 months imprisonment. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11.     **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

Where a defendant pleads guilty to a child pornography offense, the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA"), 18 U.S.C. § 2259A(a)(3), requires the payment of additional assessments of up to $50,000 for production of child pornography.

12.     **Restitution Agreement.** The defendant is required to pay mandatory restitution to victims and in an amount to be determined by the Court. He agrees to pay the amount to the victims as determined at sentencing. He further agrees as follows:

12

The defendant understands and agrees that 18 U.S.C. § 2259 and 18 U.S.C. § 3663A (the Mandatory Victims Restitution Act), apply and that the Court is required to order the defendant to make restitution to the victim(s) of the defendant's conviction for Attempted Production of Child Pornography for the full amount of victim(s)' losses. No requests have been received to date. If requests are received, the amount will be determined at sentencing.

Defendant agrees that restitution is due and owing under 18 U.S.C. § 3663A and 18 U.S.C. § 2559 and agrees to pay restitution. Specifically, pursuant to 18 U.S.C. § 3663A(a)(3), the defendant understands and agrees to pay restitution to any individual whose child pornography image or video he possessed, distributed, received, or trafficked, as identified by the investigation or by NCMEC, whether or not the victim(s) are included in the count(s) to which the defendant is pleading guilty. The defendant understands that the restitution amount for individuals covered under § 2259(b)(2) shall be no less than $3,000 per individual who requests restitution. The defendant agrees to pay at least $3,000 in restitution to any victim who requests restitution payable under § 2259. The defendant agrees to pay restitution an amount up to $98,500 to the victims that have currently requested restitution under 18 U.S.C. § 3663A(a)(3).

Pursuant to § 3663A(a)(3), the defendant also agrees to pay restitution to any minor victim of the defendant's AI morphing conduct. No restitution

requests have been received to date. If any requests are received, the amount will be determined at sentencing.

The defendant understands that the Court may order additional restitution if additional victim losses are identified at the time of sentencing. The defendant agrees that restitution shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

13.   **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit

report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14.     **Sex Offender Registration.** The defendant understands that by pleading guilty, he will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. *See* 18 U.S.C. § 2250; 34 U.S.C. § 20901, *et seq.*

15.     **Forfeiture.** Pursuant to 18 U.S.C. § 2253(a), the defendant understands and agrees that the following property is subject to forfeiture:

a.     any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

b.     any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

15

c.    any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property.

The defendant agrees that the property subject to forfeiture includes but is not limited to:

a) A HP laptop computer with Serial Number 5CD23866N0;

b) A HP Notebook laptop computer with Serial Number CND7021YLW;

c) An Apple iPhone 8 Plus with Serial Number F17WGMWBJCLY;

d) An Apple iPhone 14 Plus with IMEI Number 356295371885100;

e) A Toshiba 2 GB storage drive with Serial Number 1123WH4107G;

f) A Sony PSP with Serial Number Hu0217751;

g) An Apple iPhone with Serial Number 358823052085431;

h) An Apple iPod 8 GB with Serial Number C3RH64TCDT75;

i) An Apple iPhone, model A1387;

j) A Motorola flip phone, model V170;

k) A Western Digital My Passport storage drive with Serial Number WXC2D33PAS3S;

l) A Western Digital My Passport storage drive with Serial Number WX72A91410F5;

m) An Ativa 4 GB USB storage device;

16

n) A PNY 8 GB USB storage device;

o) An Ativa 4 GB USB storage device with Model Number 4GBCA-3609; and

p) A HP HQ-TRE laptop computer with Serial Number CND5304YBV.

The defendant agrees that these items are subject to forfeiture because they were used to commit Count 1 of the Superseding Indictment and related stipulated conduct in Paragraph 2. The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds.

16.    **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to

appeal guilt or innocence, any issues relating to the negotiation, taking or acceptance of the guilty plea, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 210 months' imprisonment.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 180 months' imprisonment.

17.   **FOIA Requests.**   The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

18.   **Complete Agreement.**   This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.  By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

DANIEL N. ROSEN
United States Attorney

19

Date: 4/30/25

BY: William C. Mattessich
Assistant United States Attorney

Date: 4-30-26

William Michael Haslach
Defendant

Date: 4/30/26

Justin Duffy
Counsel for Defendant

20