**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 25-CR-00067-001 (PJS) |
| | ) | |
| | ) | DEFENDANT HASLACH'S |
| v. | ) | POSITION IN REGARDS |
| | ) | TO SENTENCING |
| | ) | |
| William Michael Haslach, | ) | |
| | ) | |
| Defendant. | ) | |

TO: THE HONORABLE PATRICK J. SCHILTZ, UNITED STATES DISTRICT COURT JUDGE; ALBANIA CONCEPCION AND WILLIAM MATTESSICH, ASSISTANT UNITED STATES ATTORNEYS; CLERK OF COURTS FOR UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA.

**DEFENDANT HASLACH'S POSITION IN REGARDS TO SENTENCING**

Defendant, William Haslach, through undersigned counsel, hereby respectfully presents his position regarding sentencing and asks that no more than the mandatory minimum sentence be imposed, based on the totality of the circumstances.

**INTRODUCTION**

Defendant Haslach comes before this Honorable Court for sentencing on Count 1: Attempted Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and (e), and Count 12: Production of an Obscene Visual Representation of Child Sexual Abuse in violation of 18 U.S.C. § 1466(a)(1). Count 1 carries a mandatory minimum sentence of fifteen years. Based upon a total offense level of 35 and a criminal history category of I, the guideline sentencing range is 168 – 210 months. The applicable mandatory minimum sentence effectively limits that range to 180 – 210 months. The Government has agreed to cap its sentencing request at fifteen

years. As will be further elaborated upon below, a sentence of no more than fifteen years is sufficient to do justice in this case.

At the outset it must be made clear that we in no way mean to minimize Mr. Haslach's conduct and in no way assert that he is not to blame for the conduct that he engaged in. Defendant Haslach has accepted responsibility for his actions and entered a timely guilty plea. He comes before this Court profoundly remorseful, both for his conduct and for the impact his conduct has had on others. Based upon the totality of the factors listed in 18 U.S.C. § 3553(a), imposing of a sentence of no more than fifteen years would be a fair and reasonable sentence that will be "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

## FACTS

The facts in this case are amply set forth in the Plea Agreement and the Presentence Report. The background and personal characteristics of Mr. Haslach are well set forth in the Presentence Report.

## ARGUMENT

### I. A Sentence of Fifteen Years Should Be Imposed

In making a sentencing determination the district court must take the advisory guidelines into account together with other sentencing factors enumerated in 18 U.S.C. §3553(a). *United States v. Booker,* 543 U.S. 220, 259, 125 S. Ct. 738, 764 (2005). Pursuant to 18 U.S.C. §3661, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

The overriding principle and basic mandate of 18 U.S.C. §3553(a) requires district courts to "impose a sentence sufficient, but not greater than necessary," to comply with the purposes of that statutory section. The factors articulated in 18 USC § 3553(a) are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense,
>
> (B) to afford adequate deterrence to criminal conduct,
>
> (C) to protect the public from further crimes of the defendant, and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for the offense under the Guidelines;
>
> (5) any pertinent policy statement;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 USC § 3553(a).

Thus, the fundamental question this Court must grapple with is how long the imposed sentence needs to be to achieve the varied, and sometimes contradictory, purposes of sentencing. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human

failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Koon v. U.S.*, 518 U.S. 81, 113 (1996).

In applying the § 3553(a) factors to the present case, it is clear that a sentence of fifteen years, which falls within the applicable guidelines range, would be a sufficient, but not greater than necessary, sentence to achieve the goals of 18 U.S.C. § 3553.

A. History and Characteristics of Mr. Haslach

Mr. Haslach is immensely remorseful for his actions. He understands the far-reaching impact his conduct has had on so many people and acknowledges the harm he has caused. He sincerely apologizes to all those whose lives he has affected. He makes no excuses for his actions, and understands that he, and he alone, is the reason he finds himself in the present circumstances. His remorse and acceptance of responsibility weigh in favor of a sentence of no more than fifteen years.

Mr. Haslach is 31 years old. He was born here in Minnesota and has lived in the metro area his entire life. Mr. Haslach comes from a supportive family. The support network of family that he is fortunate to have is further evidenced by the letters that have been simultaneously submitted with this filing. (Doc. 73, Exhibit B).

Mr. Haslach holds a bachelor's degree and had been gainfully employed prior to being held in custody. Aside from a tobacco sale offense from when he worked at a gas station, he has no prior history of criminal convictions. Despite the current charges, the bigger picture shows that Mr. Haslach is entirely capable of being a law abiding, hardworking, contributing member of society, and that he has the means, drive, and support network to do so.

Mr. Haslach completed a psychosexual evaluation shortly after the search warrant was initially executed in January of 2025. He fully intended to participate in any recommended

programming, but was taken into federal custody shortly after completing the evaluation and has remained in custody ever since.

While in custody, he has taken advantage of many different programming options and resources that have been made available to him. He has now spent nearly two years in custody. He has been housed at Sherburne, Wright and Carver County jails during that time. While at Sherburne County he completed significant therapy related programming. (Doc. 73, Exhibit A.) As evidenced by a letter included with Exhibit A, Mr. Haslach completed multiple group therapy programs and also participated in weekly individual therapy sessions. He voluntarily completed the following weeks long programs: CBT Group, Psychoeducation Group, Trauma Informed Group, and the Grief and Loss Group. (Doc. 73, Exhibit A.) While in the Carver County Jail he has continued to engage in individual therapy approximately once a week for roughly one hour per session. He also completed the Minnesota Department of Corrections' Decision Points program. (Doc. 73, Exhibit A.)

He has participated in bible study groups and religious services. He has served as a pod worker in each of the three county jails he has spent time in. He also completed hundreds of courses through the NCIC Schoolhouse program available to him while in custody and over 500 certificates of completion from those courses have been submitted to the Court. (Doc. 73, Exhibit D.) Additionally, he received multiple written notes from Sherburne County Jail staff evidencing his exemplary behavior during his time there. (Doc. 73, Exhibit C.) Detention deputies noted their positive interactions with him, his respectful demeanor, the fact he was not a troublemaker, his pursuit of programming and resources, and his role a pod worker. (Doc. 73, Exhibit C.)

The Carver County Jail is where Mr. Haslach has primarily been housed since the time of his plea. While there he completed the Aramark Corporation's IN2WORK Food Service

Management course. (Doc. 73, Exhibit E.) Aramark is a global company in the food services industry, and a second chance employer, in particular for people who graduate this program. This was a six-week program that involved forty to fifty hours of in class work as well as studying outside of class. His completion of this program also carries with it eligibility for up to $10,000 in scholarships from Aramark to use towards higher education.

The programs Mr. Haslach has participated in and other positive structure he has created for himself while in custody evidences his sincere commitment to rehabilitation, to utilize resources made available to him, and to never again find himself in a situation like this.

A sentence of more than fifteen years would be far greater than necessary to meet the legitimate ends of sentencing – punishment, deterrence, incapacitation, and rehabilitation. Since this incident, Mr. Haslach has had more than enough time to ponder the bad decisions he has made and to envision the life he wants to live, and knows he can live, once given the opportunity upon his release from custody.

Mr. Haslach fully understands and acknowledges the gravity of his offense and the harmful impact such actions have had on so many others. He will not be repeating such conduct in the future. There is no doubt that he was involved in serious criminal activity, but the bigger picture shows Mr. Haslach to be a man who is committed to never find himself in a position like this ever again and who is already well on his way to rehabilitation. He is a man who will abide by whatever restrictions are placed upon him and who has the promise of being a successful and productive member of society once he is released from prison.

In light of these circumstances, it is fair, just and reasonable from a legal perspective for the Court to impose a sentence of fifteen years. A lengthier prison term than that will serve no beneficial purpose in this case. Given the totality of the circumstances, a sentence of fifteen years would be sufficient but not greater than necessary to meet the goals of sentencing in this case.

B. Need for Sentence that Reflects the Seriousness of the Offense, Promotes Respect for the Law, Provides Just Punishment

A court must consider the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). In view of all the circumstances in this case, a sentence of fifteen years would certainly reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Indeed, when one looks at all Mr. Haslach has gone through to date, and what he will go through in terms of incarceration, supervision and oversight in the years ahead, how could one not see the seriousness of the offense and have respect for the law.

Fifteen years is a very significant sentence. Mr. Haslach has never served a prison sentence before, and fifteen years in federal prison will have a serious and profound impact on him. For these reasons, the mandatory minimum sentence of fifteen years would be more than sufficient to meet the purposes of 18 U.S.C. § 3553(a).

C. Need for Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public

The Court must also impose a sentence that deters criminal conduct and protects the public. 18 U.S.C. § 3553(a)(2)(B-C). Sentencing Mr. Haslach to a term of imprisonment greater than fifteen years would have no increased effect on deterring offenses of this nature, whether for Mr. Haslach himself or deterrence of the general public. A sentence of fifteen years in federal prison is certainly a significant and substantial sentence, and as it pertains to general deterrence an offender closely matching Mr. Haslach in relevant characteristics and circumstances would be just as deterred.

A sentence of fifteen years, followed by five years of supervised release, would also amply protect the public. Mr. Haslach is 31 years old and has no prior criminal record aside from the tobacco offense mentioned previously. He has no history of physical violence. If he is sentenced to fifteen years in federal prison, he will be in is early 40's when he emerges, deterred

by that experience from ever engaging in this sort of activity again. He will also have years of oversight through a supervised release term, as well as predatory offender registration requirements. Such a sentence will adequately protect the public.

Considering all of the circumstances in this case, there is simply no basis to believe that the Defendant or others would not be deterred, or that the public would not be protected, if a sentence of fifteen years is imposed. A sentence of any longer duration is simply not necessary to achieve deterrence or public safety in this particular case.

## CONCLUSION

The considerations relevant to sentencing are articulated in 18 U.S.C. §3553(a), and the overall goal is for the Court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes set forth in the statute. A sentence of fifteen years accomplishes that, and also falls within the applicable guidelines range.

When imposing a sentence in this case, we ask that the ideals of compassion and mercy not be lost sight of, for compassion and mercy are integral parts of justice. *See State v. Streiff*, 673 N.W.2d 831, 841-842 (Minn. 2004) (P. Anderson, J., concurring). While this citation is to a state level case, the principles discussed therein are germane to sentencing proceedings before any court. In *Streiff,* Justice Anderson eloquently stated the roles that mercy and compassion play in our legal system:

> "It is my contention that a legal system must provide room for the qualities of mercy and compassion as elements in any equation that seeks justice as its end result. Moreover, these qualities should exist at all stages of the system-with the police, prosecutors, and the courts. Without mercy and compassion, a legal system cannot be truly just."
>
> . . .
>
> "I submit that we want a system that allows for both justice and mercy; otherwise, we become a society that is rigid, unduly strict, unbending, and myopic in its pursuit of justice. Justice must always be our primary goal, but where circumstances demand, true

> justice requires that we have the discretion to act in a merciful manner."

*Id.* at 841-842.

William Haslach has accepted responsibility for his actions and recognizes that he must be punished. A sentence in excess of fifteen years is not necessary or appropriate in light of the nature and circumstances of this case and consideration of the 3553(a) factors. Mercy, compassion and justice require the imposition of nothing more than the mandatory minimum sentence of fifteen years. A sentence of that duration would be fair and just, and falls within the applicable guidelines range. Any incarceration beyond that would be "greater than necessary" to comply with the purposes of 18 U.S.C. §3553(a).

As a final request, Mr. Haslach respectfully asks the Court to recommend to the Bureau of Prisons that he be housed in Minnesota, and further that a medical facility may be appropriate given his physical and mental health diagnoses.

Respectfully Submitted,

**THE LAW OFFICE OF JOHN J. LEUNIG**

Date: November 20, 2026

/s/ Justin Duffy

Justin J. Duffy
Attorney License No. 397441
7900 Xerxes Avenue South
The Wells Fargo Plaza, Suite 815
Bloomington, Minnesota 55431
Email: jduffy@leuniglaw.com
Licensed in United States District Court for the District of Minnesota
(952) 540-6800