UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-67 (PJS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM MICHAEL HASLACH,<br><br>Defendant. | ) | **GOVERNMENT'S POSITION ON SENTENCING** |

The United States of America requests that the Court impose a sentence of 210 months' imprisonment for defendant William Haslach's efforts to use his access to school-age children to create child sexual abuse material. Haslach took pictures of children under his care and used artificial intelligence to "morph" existing pictures to create sexualized material. This sentence accounts for the repeated nature of his conduct and the large number of victims. The sentence will protect children from Mr. Haslach and deter others from abusing their positions of trust to exploit children.

## I. BACKGROUND

Between February 2021 and January 2025, Mr. Haslach worked in various roles in two school districts. (PSR ¶¶ 85 and 86). While working at these districts, Mr. Haslach both possessed child sexual abuse material and attempted to create his own. (PSR ¶¶6-15.) On his devices, officers found 1,057 files of child sexual abuse material. (PSR ¶ 14.) Some of this material was downloaded from the internet, including pictures and videos of victims identified by the National Center for Missing and Exploited Children. (PSR ¶ 10.)

Many of the files on the defendant's devices were "morphed" images that he created himself. (PSR ¶ 12.) To create these images, he used his cellular phone to first take benign, unsexualized pictures of children at his workplace. (*Id.*) He then uploaded these photographs to the internet onto websites that used artificial intelligence (AI) to "morph" the photographs in order to produce obscene visual representations of child sexual abuse. (*Id.*) Through this process, he created images that included the faces of real minor children on nude, AI-created bodies, sometimes performing sexual acts. (*Id.*)

Finally, the defendant attempted to surreptitiously photograph at least one child in order to create Child Sexual Abuse Material. (PSR ¶ 13.) To take this photograph, the defendant positioned his camera underneath a classroom desk that was occupied by Minor Victim 57, who was wearing a swimsuit. (*Id.*) Mr. Haslach pointed the camera at Minor Victim 57's groin in order to capture the victim's general area. (*Id.*) Mr. Haslach admitted that he took this photograph in order to create a pornographic image of the child's genitals. (*Id.*)

## II. THE GUIDELINES RANGE

The guidelines range does not differ from the range contemplated in the parties' plea agreement. Mr. Haslach's offense carries a total offense level of 35. (PSR ¶ 44.) Given a Criminal History Category of I, Mr. Haslach's guidelines range is 180-210 months. (PSR ¶ 97.)

## III. Government's Sentencing Recommendation

A sentence of 210 months accomplishes the goals of sentencing as required by 18 U.S.C. § 3553(a). Such a sentence recognizes the severity of a childcare worker taking advantage of his position to exploit children. It promotes deterrence among others in similar positions. It also protects the public from Mr. Haslach.

### A. A 210 Month Sentence Recognizes the Seriousness of the Offense

The recommended sentence recognizes the repeated, widespread nature of the defendant's conduct. The defendant created obscene visual representations of at least 91 minor victims. (PSR ¶ 12.) He possessed additional pornography in 1,057 images or videos, 64 of which included infants, toddlers, sadism, or bestiality. (PSR ¶ 11.) This pattern, along with his pattern of employment as discussed below, suggests that he created this material over a long period of time, flagrantly disregarding the privacy of the children in his care.

The Court's sentence must also reflect the fact that the defendant abused his position of trust. He worked with children whose parents sent them to school assuming they would be safe, protected, and allowed to flourish. He took advantage of his unfettered access to these children in order to create his material. Each child at Mr. Haslach's schools was victimized by this breach of trust, whether or not they were actually the subject of his material.

### B. A 210 Month Sentence Promotes General Deterrence

The Court's sentence should deter others in similar positions from taking advantage of their positions of trust in order to exploit children. A 210-month sentence – at the top of the guidelines range – sends a message that Mr. Haslach's

conduct will be severely punished. Such a sentence will deter other childcare workers from abusing their positions in the same way.

### C. The Recommended Sentence Protects the Public

The government's recommended sentence will protect the public from future crimes by Mr. Haslach. As indicated in the PSR, he sought jobs at schools, a daycare, and a store that sold children's goods. (PSR ¶¶ 86-88.) This pattern suggests that he sought out these jobs in order to have access to children and the ability to exploit these children for pornographic material unbeknownst to his employer. A significant sentence is necessary to prevent Mr. Haslach from seeking out further opportunities to create child sexual abuse material through his workplace.

## IV. CONCLUSION

For the reasons set forth above, the Government recommends that the Court impose a sentence of 210 months' incarceration.

Respectfully Submitted,

Dated: November 20, 2026

DANIEL N. ROSEN
United States Attorney

/s/*William C. Mattessich*
BY: WILLIAM C. MATTESSICH
Assistant U.S. Attorney
Reg. No. 0400513